UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS SMITH | ] | |
|     Plaintiff, | ] | |
| | ] | No. |
| v. | ] | (No.3:13-mc-0097) |
| | ] | Judge Campbell |
| DAVIDSON COUNTY SHERIFF'S | ] | |
| OFFICE PURCHASING AGENT, et al. | ] | |
|     Defendants. | ] | |

## O R D E R

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 9).

The plaintiff is an inmate at the Metro Davidson County Detention Facility in Nashville. It appears from the application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a). However, process shall NOT issue.

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

While the plaintiff was confined at the Davidson County Criminal Justice Center, he was sold Frescent, a roll-on antiperspirant. The plaintiff used this product and developed "infectious boils to the underarms where the product was applied". The plaintiff believes that he was knowingly sold a dangerous product. In addition, he complains about "malpractice" because his medical records contain some incorrect information.[1]

Before a lawsuit can proceed, the plaintiff must show that his claims fall within the scope of this Court's subject matter jurisdiction. <u>Perkins, Inc. v. Werner and Pfleiderer Corp.</u>, 710 F.2d 1561, 1565 (D.C. Cir.1983). This Court has jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, and claims involving parties with diversity of citizenship. 28 U.S.C. § 1332.

At best, the plaintiff is alleging that the defendants have been in some way negligent and that he has been injured by their negligence. Negligence, however, does not pose a federal question. <u>Estelle v. Gamble</u>, 97S.Ct. 285 (1976). Thus, plaintiff's claims are only actionable in this Court if they involve a question of diversity.

---

[1] This claim was added by amendment. *See* Docket Entry No. 5.

Diversity jurisdiction requires parties from different states and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). The plaintiff has neither shown diversity of citizenship among the parties nor an amount in controversy exceeding $75,000. Therefore, it does not appear that the allegations in the complaint suggest that this Court has diversity jurisdiction over plaintiff's claims.

A district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). Here, the plaintiff has failed to show that his claims fall within the scope of this Court's subject matter jurisdiction. Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

Todd Campbell
United States District Judge